UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE FLORENCE, | § | |
| | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2440 |
| | § | |
| RICK THALER, | § | |
| | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER

Thomas Wayne Florence, a state inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed a *pro se* petition for a writ of habeas corpus. (Docket Entry No. 3.) Florence's habeas petition challenges the result of a prison disciplinary proceeding. Respondent William Stephens has filed a motion for summary judgment. (Docket Entry No. 21.)[1] Also pending are several motions Florence has filed in support of his habeas petition. (Docket Entry Nos. 20, 24, 25, 26, 27, 28, 29, 33). After reviewing the pleadings, the record, and the applicable law, the Court **grants** summary judgment in Respondent's favor, **denies** Florence's pending motions, and **denies** his petition. The Court will not certify any issue for consideration by the Court of Appeals for the Fifth Circuit.

### BACKGROUND

Florence is presently incarcerated at the Allred Unit pursuant to two judgments: (1) a seventy year sentence for sexual assault of a child pursuant to a judgment and sentence of the 56th District Court of Galveston County, Texas in cause number 10CR1217; and (2) a thirty-five

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Stephens "is automatically substituted as a party." FED.R.CIV.P. 25(d).

year sentence for possession of a controlled substance pursuant to a judgment and sentence of the 122nd District Court of Galveston County, Texas. Florence does not attack his underlying convictions in the instant habeas action. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Allred Unit.

On April 11, 2012, Florence received notice that he was being charged in disciplinary case #20120218178 with violating prison rules by failing to obey an order.[2] A hearing was held on April 17, 2012. The disciplinary hearing officer reviewed the offense report and considered the charging officer's testimony. Florence had an opportunity to respond, but would not address the charge beyond claiming that the prison officials never investigated his case. The disciplinary hearing officer found petitioner guilty and assessed Florence's punishment at thirty days loss of recreation privileges, thirty days loss of commissary privileges, and prison status remaining at line three with regard to time-earning classification.

Florence filed Step 1 Grievance Number 2012144131 on April 19, 2012. The grievance was denied on May 2, 2012. Florence appealed that decision by submitting a Step 2 Grievance on May 9, 2012. The Step 2 Grievance was denied on July 13, 2012.

On July 13, 2012, Florence submitted a federal petition for a writ of habeas corpus. Florence's petition raises four grounds for relief:

    1.    The officer investigating his disciplinary charge did not follow proper procedures.

    2.    The officer presiding at Florence's disciplinary hearing was biased against him and violated his right to a defense by not allowing him to call witnesses.

    3.    The investigative officer initiated the disciplinary charges against him in

---

[2] The Court takes its review of the facts from the state court records. (Docket Entry No. 22.)

        retaliation for a previous confrontation.

    4.      The investigator in his Step 1 Grievance did not follow proper procedures.

Respondent filed a motion for summary judgment alleging that Florence's claims are not cognizable in a habeas corpus petition. (Docket Entry No. 21.) Florence has filed several motions, including two requests for Respondent to provide admissions under FED. R. CIV. P. 36 (Docket Entry No. 20, 24); a motion complaining that Respondent did not submit all relevant records (Docket Entry No. 25); motions seeking leave to submit evidence (Docket Entry Nos. 26, 28, 29, 33); and a cross-motion for summary judgment (Docket Entry No. 27).

## LEGAL STANDARDS

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of Law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir.1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## ANALYSIS

The federal writ of habeas corpus is an extraordinary remedy which does not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Florence can only prevail on his federal habeas corpus petition if he has suffered a constitutional violation.

In the disciplinary hearing context, the Due Process Clause of the Fourteenth Amendment to the United States Constitution governs a prisoner's rights, if any exist. *See Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). However, the Due Process Clause *only* entitles prisoners charged with institutional rule violations to rights when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Federal law limits such interests "to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (internal citations omitted). In Texas, only those sanctions resulting in the loss of good-time credits by inmates eligible for release on mandatory supervision or otherwise directly and adversely affecting release on mandatory supervision will impose upon a protected liberty interest. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). In this case, Florence cannot demonstrate a due process violation.

Florence complains about loss of recreation privileges, loss of commissary privileges, and imposition of continuing classification status at line three. According to well-settled precedent, such sanctions are "merely changes in the conditions of [an inmate's] confinement" that do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.

4

1997). Imposing restrictions on commissary privileges or recreation privileges is not the type of sanction that poses an atypical or significant hardship beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768; *see also Sandin*, 515 U.S. at 486 (refusing to recognize a liberty interest in administrative segregation). The Fifth Circuit has also decided that changes in a prisoner's classification status and its potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [petitioner's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests."). In the absence of a protected interest, Florence cannot show that he is entitled to habeas corpus relief from any of these sanctions.

Accordingly, Respondent is entitled to summary judgment.

## CERTIFICATE OF APPEALABILITY

The Anti-Terrorism and Effective Death Penalty Act prevents appellate consideration of a habeas petition unless the district or circuit courts certify specific issues for review. *See* 28 U.S.C. § 2253(c); FED. R. APP. PRO. Rule 22(b). Florence has not yet requested that this Court grant him a Certificate of Appealability ("COA"),although this Court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Definitive and binding precedent forecloses relief on Florence's claims. Under the appropriate standard, Florence has not shown that this Court should authorize appellate consideration of any claim.

5

## CONCLUSION

Florence has not raised any issue meriting federal habeas corpus relief. The Court, therefore, **GRANTS** Respondent's motion for summary judgment (Docket Entry No. 21) and **DENIES** Florence's federal petition for a writ of habeas corpus (Docket Entry No. 3). Given the lack of underlying merit for his claims, the Court will summarily **DENY** Florence's pending motions that support his habeas petition. (Docket Entry Nos. 20, 24, 25, 26, 27, 28, 29, 33.) The Court **GRANTS** Respondent's pending motion to substitute counsel. (Docket Entry No. 30.) The Court will not issue a Certificate of Appealability in this case.

SIGNED at Houston, Texas, this 24th day of September, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE